UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **KANEADRA WEBB** | * | **CIVIL ACTION NO.:** |
| | * | |
| **V.** | * | **JUDGE:** |
| | * | |
| **ATS OPERATIONS, LLC, ET AL** | * | **MAGISTRATE:** |

**NOTICE OF REMOVAL**

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF LOUISIANA:

Defendants, UNITED WISCONSIN INSURANCE COMPANY and ATS OPERATIONS, LLC D/B/A AMERICA TRANSPORT SOLUTIONS, respectfully state as follows:

1. Defendants desire to exercise their rights under the provisions of Title 28 U.S.C. §§ 1332 and 1441, et seq., to remove this action from the Fourteenth Judicial District Court for the Parish of Calcasieu, State of Louisiana, in which said cause is now pending under the name and style *"Kaneadra Webb v. ATS Operations, LLC, et al."* Docket No. 2021-4263-G.

2. Pursuant to 28 U.S.C. § 1441(a), the United States District Court for the Western District of Louisiana is the district and division within which the above described state court action is pending and, as a result, venue is proper in this Court for removal of the Plaintiff's action under 28 U.S.C. §§ 1332 and 1441.

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), and it is removable pursuant to 28 U.S.C. §§ 1441 and 1446 because the Plaintiff and all *properly joined* defendants who are real parties in interest, are citizens of different states, and the amount in controversy satisfies the requisite jurisdictional amount set forth in 28 U.S.C. § 1332(a).

4. On October 6, 2021, Plaintiff, Kaneadra Webb, filed an action captioned *"Kaneadra Webb v. ATS Operations, LLC, et al.,"* Docket No. 2021-C-3157-A, in the Fourteenth Judicial District Court for the Parish of Calcasieu, State of Louisiana. (Exhibit "A," Plaintiff's Petition for Damages.)

5. The Petition was served on UNITED WISCONSIN INSURANCE COMPANY through its registered agent for service of process in Louisiana, CT Corporation System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana, on November 17, 2021.

6. The Petition was served on ATS OPERATIONS, LLC D/B/A AMERICA TRANSPORT SOLUTIONS via Long-Arm Statute through its registered agent for service of process in Louisiana, CT Corporation System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana, on November 6, 2021.

7. The State Court does not reflect completed service of process upon the other remaining defendant, Mr. Juan Daniel Orta (named in the Petition as John Doe).

8. No Answers or responsive pleadings to the Petition for Damages have yet been filed by any Defendant.

9. This Notice of Removal is filed timely under 28 U.S.C. Section 1446(b).

10. Per the United States Supreme Court interpreting 28 U.S.C. § 1441(a) in *Grupo Dataflux v. Atlas Global Group, LP,* 124 S.Ct. 1920, 1924-25 (2004), complete diversity of citizenship must exist at the time of removal.

11. As alleged in the Petition, the Plaintiff indicates that she is a citizen of Louisiana. Furthermore, upon information and belief, Plaintiff is domiciled in the Parish of St. Landry in the State of Louisiana.

12. Under federal law, a corporation shall be deemed to be a citizen of every state by which it has been incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332 (c)(1).

13. Defendant, UNITED, is a business corporation domiciled and incorporated in the state of Wisconsin, with its principal place of business located in New Berlin, Wisconsin. UNITED's citizenship is in Wisconsin.

14. Defendant, ATS Operations, LLC d/b/a American Transport Solutions., is a commercial trucking business domiciled and incorporated in the state of Texas, with its principal place of business located in Arlington, Texas. ATS Operations, LLC d/b/a American Transport Solutions' citizenship is in Texas.

15. Defendant, Juan Daniel Orta (named in the Petition as John Doe), is, upon information and belief, an individual of the age of majority domiciled in Mexico.

16. In sum, the Defendants are citizens of Wisconsin, Mexico, and Texas. By contrast, the Plaintiff is, a citizen of the State of Louisiana. Thus, complete diversity of citizenship exists between plaintiff and the defendants.[1]

17. Additionally, the injuries alleged make it apparent that the amount in controversy exceeds $75,000, as required for federal diversity jurisdiction to exist.[2] In

---

[1] *Strawbridge v. Curtiss,* 7 U.S. 267, 2 L.Ed. 435 (1806).

Louisiana, procedural rules do not permit or require plaintiffs to plead a specific amount of money damages in the petition. Under such circumstances, the Fifth Circuit Court of Appeals requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[3] This burden is satisfied by the defendant if (1) it is facially apparent that the plaintiff's claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth facts in controversy that support a finding that the requisite amount is at issue.[4] When it is facially apparent that plaintiff's claims exceed the jurisdictional amount, the amount in controversy requirement is met.[5] When the "facially apparent" test is not met, the Court may consider evidence outside the allegations of the Petition and even outside the Removal notice—including summary judgment-type evidence—relevant to the amount in controversy as of the time of removal.[6]

18. A defendant seeking to prove that the amount-in-controversy requirement has been satisfied is not expected to prove the amount the plaintiff *likely* will recover, but rather the amount the plaintiff *seeks* to recover.[7]

19. Pursuant to La. C.C.P. art. 893(A)(1), when a claim is for less than the requisite amount for the exercise of federal jurisdiction, the plaintiff is required to so allege in the petition.[8] La. C.C.P. art. 893(A)(1) states:

---

[2] 28 U.S.C. § 1332(a).
[3] *Simon v. Wal-Mart Stores,* 193 F.3d 848, 850 (5th Cir. 1999); *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1412 (5th Circ. 1995).
[4] *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326 (5th Cir. 1995).
[5] *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995).
[6] *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1336 (5th Cir. 1995).
[7] See *Grant v. Chevron Phillips Chem. Co.,* 309 F.3d 864,876 (5th Cir. 2002) (holding that potential avenues of recovery must be included in the amount in controversy).

> A.(1)  No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand.  The prayer for relief shall be for such damages as are reasonable in the premises except that **if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required.**  By interrogatory, an opposing party may seek specification of the amount sought as damages, and the response may thereafter be supplemented as appropriate.[9]

20. Defendants maintain that it is <u>facially apparent</u> that the Plaintiff claims an amount in controversy in excess of $75,000, exclusive of interest and costs.  On the face of the Petition, Plaintiff claims to have incurred "various injuries, and as a result, is entitled to recover all available damages including, but not limited to, the following:

    A. Physical pain and suffering – past, present, and future;

    B. Mental anguish and/or emotional distress – past, present, and future;

    C. Disability and/or impairment – past, present, and future;

    D. Lost wages and/or loss of earning capacity – past, present, and future;

    E. Loss of enjoyment of life – past, present, and future; and

    F. Medical expenses – past, present, and future. [10]

21. Plaintiff's Petition also fails to include an allegation asserting that her claims are for <u>less</u> than the requisite amount for diversity jurisdiction, as required by La.

---

[8] La. C.C.P. art. 893(A)(1) provides, in pertinent part, that, if a specific amount of damages is necessary to establish the lack of jurisdiction of federal courts due to insufficiency of damages, a general allegation that the claim is less than the requisite amount is required.
[9] Emphasis added.
[10] See Plaintiff's Petition for Damages, par. 9.

C.C.P. Art. 893(A)(l).[11]  This creates a "strong presumption" in favor of federal court jurisdiction.[12]

22. These omissions, coupled with the evidence discussed below and the lack of a binding stipulation that the claims at issue are for less $75,000, all support a finding that the requisite amount in controversy is satisfied.

23. Defendants do not yet have possession of the medical or billing records for any treatment which may have been undergone by Kaneadra Webb.

24. Defendants certainly continue to deny any and all liability to Plaintiff, and Defendants are certainly not suggesting that any of these damage awards would be appropriate or merited in this case.  Defendants simply point out that general damage verdicts in excess of $75,000 for injuries similar to those allegedly suffered by Ms. Webb are well within the range of general damage awards rendered by courts in this area for similar injuries.

25. In view of the foregoing facts in controversy and based on the application of Louisiana law as to the potential value of Plaintiff's asserted claims, this Court has original jurisdiction and this matter is properly removed because the jurisdictional amount set forth in 28 U.S.C. § 1332 is satisfied as it is facially apparent that the amount in controversy as to any one of the Plaintiff's claims exceeds $75,000, exclusive of interest and costs.  Accordingly, while denying any

---

[11] See Plaintiff's Petition for Damages, Exhibit A to Defendant's Notice for Removal; See also, Defendant's Notice for Removal (Rec. Doc. 1.)

[12] See <u>St. Paul Mercy Indemnity Co. v. Red Cab Co.</u>, 303 U.S. 283, 291 (1938). See also, <u>Haydel v. State Farm Mutual Automobile Insurance Co.</u>, 2008 WL 2781472 (M.D. La. 2008) ("this court has held that the failure to make such an allegation is not, in and of itself, determinative of the amount in controversy; however, such failure is entitled to some consideration in making the jurisdictional amount determination"); and <u>Machinery Pavers Sales, Inc. v. Bomag Americas, Inc.</u>, 2007 WL 2900489 (M.D. La. 2007) ("plaintiff did not include any allegation in its petition . . . that its damages were less than the requisite amount to assert federal jurisdiction. While not determinative, the absence of such an allegation is another factor indicative of a sufficient amount in controversy.")

liability to the Plaintiff, Defendants show that Plaintiff has asserted claims wherein the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Based on the above, this action is properly removable to this Court pursuant to the provisions of 28 U.S.C. § 1441, *et seq*.

26. In view of the foregoing, this action may be removed to this Court pursuant to 28 U.S.C. Section 1441(a), as there is complete diversity of citizenship between the parties and the judgment value of the damages sought by Plaintiff is in excess of the federal jurisdictional limit under 28 U.S.C. § 1332.

27. The rule of unanimity regarding the consent to removal by all defendants applies only to properly served and joined defendants.[13]  "Defendants […] who are unserved when the removal petition is filed need not join in it."[14]  Thus far, UNITED WISCONSIN INSURANCE COMPANY and ATS OPERATIONS, LLC D/B/A AMERICA TRANSPORT SOLUTIONS are the only Defendants that have been served.

28. This Notice was filed within thirty days after receipt by UNITED of the initial pleadings and summons, which are attached as Exhibit "A."

29. In accordance with 28 U.S.C. § 1446(d), Defendants have filed a copy of this Notice with the 14th Judicial District of Calcasieu Parish, State of Louisiana, to effect this removal.

30. Defendants file with this Notice of Removal the following:

    (a)    Petition for Damages filed by Kaneadra Webb (Exhibit "A");

    (b)    A certified copy of the State Court Record to date (Exhibit "B," *in globo*);

---

[13] *See* Getty Oil Corp. v. Ins. Co. of N. Am., 847 F.2d 1254, 1261-62 (5th Cir. 1988).
[14] *See* Getty Oil, 841 F.2d at 1261, n.9 (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 59 S. Ct. 347, 83 L. Ed. 334 (1939)).

    (c)    An Index of Pleadings in State Court Record to date (Exhibit "C");

    (d)    Attorney's Affidavit of Verification;

    (e)    Civil Cover Sheet (Exhibit "D"); and

    (e)    A list of all attorneys involved herein to date, including their addresses, telephone numbers and who they represent (Exhibit "E").

31.    Defendants will provide the Court with anything further that it requires pursuant to 28 U.S.C. § 1446(a) and/or 28 U.S.C. § 1447(b).

32.    In accordance with the Certificate of Service, Defendants have given notice of the filing of this Notice of Removal to the State Court and all (existing) parties, including to Plaintiff, through her counsel of record, Brian C. Colomb, Attorney, 2505 Verot School Road, Lafayette, LA 70508.

33.    Defendants assert a request for a Trial by Jury on all issues so triable, with formal demand of same to be made in accordance with Federal Rule 38(b) and Federal Rule 81(c)(3)(B).

34.    Defendants reserve the right to amend or supplement this Notice of Removal.

**WHEREFORE**, Defendants respectfully request that this Court remove this action from the Fourteenth Judicial District Court, Parish of Calcasieu, State of Louisiana, to the United States District Court for the Western District of Louisiana.

                      **Respectfully submitted,**

                        _s/ Lindsay Meador Young_
                        **Lindsay Meador Young (# 31261)**

OF COUNSEL:

**Galloway, Johnson, Tompkins, Burr & Smith, PLC**
**328 Settlers Trace Boulevard**
**Lafayette, Louisiana 70508**
**Telephone: (337) 735-1760**
**Facsimile: (337) 993-0933**
**Attorney for UNITED WISCONSIN INSURANCE COMPANY and**
**ATS OPERATIONS, LLC D/B/A AMERICA TRANSPORT SOLUTIONS**

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served upon counsel of record for plaintiff, Mr. Brian Colomb, Attorney, 2505 Verot School Road, Lafayette, LA 70508, and filed with the Clerk of Court, 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana, in which the civil action was original filed, in conformity with 28 U.S.C. § 1446(d), by depositing same in the United States Mail, properly addressed and postage prepaid, this 17th day of December, 2021.

                            **s/ Lindsay Meador Young**
                            **LINDSAY MEADOR YOUNG**

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **KANEADRA WEBB** | * | **CIVIL ACTION NO.:** |
| | * | |
| **V.** | * | **JUDGE:** |
| | * | |
| **ATS OPERATIONS, LLC, ET AL** | * | **MAGISTRATE:** |

**AFFIDAVIT OF VERIFICATION**

**STATE OF LOUISIANA**

**PARISH OF LAFAYETTE**

LINDSAY MEADOR YOUNG, of lawful age and being duly sworn, declared that:

She has been assigned to defend UNITED WISCONSIN INSURANCE COMPANY and ATS OPERATIONS, LLC D/B/A AMERICA TRANSPORT SOLUTIONS.

She has prepared and read the foregoing Notice of Removal, and upon information and belief, avers that the contents are true and correct.

_____
**LINDSAY MEADOR YOUNG**

**SWORN TO AND SUBSCRIBED** before me this 17th day of December, 2021.

_____
**NOTARY PUBLIC**