UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **KANEADRA WEBB** | **CIVIL ACTION NO.: 2:21-CV-04341** |
| **VERSUS** | **JUDGE JUNEAU** |
| **ATS OPERATIONS, LLC, ET AL** | **MAGISTRATE JUDGE WHITEHURST** |
| | **JURY TRIAL REQUESTED** |

**UNITED WISCONSIN INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S PETITION FOR DAMAGES WITH AFFIRMATIVE DEFENSES**

**NOW INTO COURT,** through undersigned counsel, comes UNITED WISCONSIN INSURANCE COMPANY and ATS OPERATIONS, LLC D/B/A AMERICA TRANSPORT SOLUTIONS (hereinafter "Defendants") who respectfully file their Answer to Plaintiff's Petition for Damages as follows:

**FIRST DEFENSE**

Subject to the defenses set forth below, Defendants deny each and every allegation of the Petition, except as the same may be admitted or modified hereafter. Further responding to the said allegations, Defendants aver as follows:

1. The allegations of Paragraph 1 of the Petition for Damages are admitted in so far as they name the Defendants in this Petition. The remaining subparts are denied for a lack of sufficient information to justify a belief therein.

2. The allegations of Paragraph 2 of the Petition for Damages are denied.

3. The allegations of Paragraph 3 of the Petition for Damages are denied.

4. The allegations of Paragraph 4 of the Petition for Damages are denied for a lack of sufficient information to justify a belief therein.

5. The allegations of Paragraph 5 of the Petition for Damages are denied.

6. The allegations of Paragraph 6 of the Petition for Damages are denied, including all sub-parts.

7. The allegations of Paragraph 7 of the Petition for Damages are denied for a lack of sufficient information to justify a belief therein.

8. The allegations of Paragraph 8 of the Petition for Damages are denied.

9. The allegations of Paragraph 9 of the Petition for Damages are denied, including all sub-parts.

10. The allegations of Paragraph 10 of the Petition for Damages are denied.

11. The allegations of Paragraph 11 of the Petition for Damages are admitted in so far that an insurance policy was issued to ATS Operations, LLC; however, the policy is its own best evidence and the terms, conditions, endorsements, exclusions and limitations of the policy are pled as if copied herein. The remaining allegations of Paragraph 11 of the Petition for Damages are denied for a lack of sufficient information to justify a belief therein.

12. The allegations of Paragraph 12 of the Petition for Damages are admitted in so far that an insurance policy was issued to ATS Operations, LLC; however, the policy is its own best evidence and the terms, conditions, endorsements, exclusions and limitations of the policy are pled as if copied herein. The remaining allegations of Paragraph 11 of the Petition for Damages are denied for a lack of sufficient information to justify a belief therein.

13. Defendants respectfully aver that the allegations of Paragraph 13 of the Petition for Damages contain legal conclusions and do not require a response. However, out of an abundance of caution and should a response be deemed necessary, the allegations of Paragraph 13 of the Petition for Damages are denied for lack of information to justify a belief therein.

14. The allegations of Paragraph 14 of the Petition for Damages are denied.

15. Defendants respectfully aver that the allegations of Paragraph 15 of the Petition for Damages contain legal conclusions and do not require a response. However, out of an abundance of caution and should a response be deemed necessary, the allegations of Paragraph 15 of the Petition for Damages are denied for lack of information to justify a belief therein.

16. Defendants deny the allegations and requests in Plaintiff's Prayer beginning with "WHEREFORE…."

17. Defendant requests a trial by jury between all parties on all issues so triable.

## SECOND DEFENSE

Defendants aver that Plaintiff's alleged damages and/or injuries were caused by the fault and/or negligence of third parties and/or non-parties for whom Defendants are not responsible and over whom Defendants exercised no control. Such fault and/or negligence of the third parties and/or non-parties is pleaded herein as a bar to and/or in diminution of recovery by Plaintiff.

## THIRD DEFENSE

Defendants aver that Plaintiff failed to mitigate her damages, if any.

## FOURTH DEFENSE

Defendants affirmatively deny any and all fault and/or liability for Plaintiff's accident or injuries.

## FIFTH DEFENSE

Insofar as the incident that is the subject of this lawsuit did not cause any injury for which medical treatment was reasonably necessary, no award for medical expenses should be made herein.

## SIXTH DEFENSE

Defendants aver that if the Plaintiff sustained damages, which is denied, the damages were the result of the negligence, comparative negligence, and/or fault of the Plaintiff, which serves to reduce, mitigate, or bar Plaintiff's recovery herein. Defendants assert that the Plaintiff was at fault or comparatively at fault for the incident made the basis of this lawsuit in failing to take due care and caution for her own safety, in failing to see what she should have seen and to do what she should have done, in general, in failing to take proper care for her own safety and to avoid hazards which should have been obvious to her or which, by the use of reasonable caution, would have been obvious to her, and any and all other acts of negligence and/or fault, which will be shown at the trial of this matter.

## SEVENTH DEFENSE

Alternatively, and only in the event that the Plaintiff's negligence is not found to have been the sole and proximate cause of any injury sustained herein, which is specifically denied, Defendants assert that the Plaintiff's alleged damages were caused by the acts, omissions, fault, comparative fault, or negligence of other parties or nonparties for whom Defendants have no responsibility.  Defendants specifically raise the affirmative defense of the contributory fault of

all known and unknown third parties for whom they are not responsible.  These acts or omissions reduce any alleged fault of Defendants, or, if appropriate, eliminate any responsibility of Defendants for Plaintiff's damages.  Defendants specifically plead the benefits of LSA C.C. Art. 2323 and 2324.

## EIGHTH DEFENSE

Defendants reserve the right to amend their Answer(s) to assert any and all additional defenses supported by the facts pled, any and all additional defenses developed once discovery is conducted, any and all additional defenses plead by any other party, and to file additional pleadings including but not limited to further answers and affirmative defenses, as may be appropriate under the facts and circumstances.

## NINTH DEFENSE

Defendants assert that they are entitled to a credit and/or set off for any and all medical bills which it may have paid to and/or on behalf of the Plaintiff in the past or in the future.

FOR THESE REASONS, Defendants, UNITED WISCONSIN INSURANCE COMPANY and ATS OPERATIONS, LLC D/B/A AMERICA TRANSPORT SOLUTIONS request a trial by jury and after trial by jury, that a judgment be entered in their favor and against Plaintiff for all claims and causes of action brought against it and for such other relief to which they are entitled.

**Respectfully submitted,**

*/s/Lindsay Meador Young*

**Lindsay Meador Young (31261)**

**OF COUNSEL:**

**Galloway, Johnson, Tompkins, Burr & Smith, PLC**
**328 Settlers Trace Boulevard**
**Lafayette, Louisiana 70508**
**Telephone: (337) 735-1760**
**Facsimile:  (337) 993-0933**
**Attorney for UNITED WISCONSIN INSURANCE COMPANY and**
**ATS OPERATIONS, LLC D/B/A AMERICA TRANSPORT SOLUTIONS**

<u>CERTIFICATE OF SERVICE</u>

  I HEREBY CERTIFY that on this 27th day of December, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record.

          */s/Lindsay Meador Young*
        _____
         **LINDSAY MEADOR YOUNG**