UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**KANEADRA WEBB**                          **CASE NO. 2:21-CV-04341**

**VERSUS**                                  **JUDGE JAMES D. CAIN, JR.**

**A T S OPERATIONS LLC ET AL**        **MAGISTRATE JUDGE KAY**

**MEMORANDUM RULING**

Before the Court is Plaintiff Kaneadra Webb's Motion for Partial Summary Judgment (Doc. 28), wherein she moves the Court to rule that Defendants ATS Operations, LLC, United Wisconsin Insurance Co., and Juan Daniel Orta are solely liable for her injuries that resulted from an October 8, 2020 motor vehicle crash on Interstate 10. Defendants oppose the motion. Doc. 56. Plaintiff has replied. Doc. 59.

**I. BACKGROUND**

This lawsuit arises from a vehicular accident between Plaintiff and an 18-wheeler tractor-trailer bearing the name American Transport Solutions, Texas license plate number R463857, and operated by Mr. Orta, an employee of ATS Operations.[1] Plaintiff's vehicle was allegedly struck on the rear driver's side by Mr. Orta's 18-wheeler.[2] Witness, Kori Jones, took photographs of Mr. Orta's vehicle and reported that information to the authorities.[3] Mr. Orta was employed by ATS Operations, LLC, d/b/a American Transport

---

[1] Doc. 2; doc. 56-1, p. 2.
[2] Doc. 2, p. 1.
[3] Doc. 56-1, p. 2.

Solutions and operating in the course and scope of his employment at the time of the accident.[4]

On October 6, 2021, Plaintiff filed suit in the 14th Judicial District Court, Parish of Calcasieu, Louisiana, for damages under Louisiana law.[5] On December 17, 2021, the case was removed to this Court under diversity jurisdiction.[6]

## II.  LEGAL STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."

---

[4] *Id.*
[5] *Id.* at 2.
[6] Doc. 1.

*Anderson*, 477 U.S. at 249 (citations omitted). The Court is not required to search the record for material fact issues. *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III.  LAW & ANALYSIS

Here, Plaintiff argues that no genuine dispute of material fact remains; that is, while sitting in congested, stop-and-go traffic evacuating from Hurricane Delta on I-10 westbound, Mr. Orta, rammed his 18-wheeler into the rear of her vehicle and then fled the scene.[7] Furthermore, Plaintiff asserts that this accident was witnessed by a good Samaritan, Kori Jones.[8] Defendants argue that issue of liability cannot be determined because of the conflicting evidence presented by Plaintiff.[9]

Mr. Jones's sworn affidavit indicates that he photographed Mr. Orta's 18-wheeler after the alleged accident and relayed the information to authorities via 911 from the scene.[10] Plaintiff testified that immediately following the accident, she and Mr. Jones

---

[7] Doc. 28-1, p. 2; doc. 28-3, p. 25; doc. 56-2, p. 9.
[8] Doc. 28-3, p. 25.
[9] Doc. 56, p. 9.
[10] Doc. 28-3, p. 25.

spoke, whereby he provided her with his contact information, told her he would track down Mr. Orta's 18-wheeler and then send her the information.[11] Moreover, Plaintiff asserts that Mr. Jones was able to track down Mr. Orta's 18-wheeler and take pictures as it fled the scene.[12]

Plaintiff testified that she did not know Mr. Jones before the accident.[13] After conducting a social media background investigative search into the Plaintiff, Defendants discovered that Plaintiff and Mr. Jones shared residential addresses in both Louisiana and Texas.[14] Following Plaintiff's deposition, Defendants provided Plaintiff with this report and propounded written discovery requests asking Plaintiff to describe any and all communications with third parties regarding the facts related to the October 8, 2020 accident.[15] Plaintiff responded indicating that "[she and Mr. Jones] originated from small towns geographically near one another, but she does not recall the specifics of any conversations they may have had prior to the dates in question."[16] Additionally, Plaintiff responded stating that "[Mr. Jones] kindly kept in touch with [her] following this accident, but [she] does not recall the specifics of any conversations with [Mr. Jones]."[17] Defendants subpoenaed Plaintiffs phone records, which revealed that she and Mr. Jones exchanged phone calls no less than 440 times before the accident between August 25, 2020, and October 7, 2020.[18] Also, at least 26 phone calls were made between Plaintiff and Mr. Jones

---

[11] Doc. 56-2, pp. 9, 11.
[12] *Id.*
[13] *Id.* at 10.
[14] Doc. 56, p. 3; doc. 44-4.
[15] Doc. 56, p. 3.
[16] *Id.*
[17] *Id.* at 4.
[18] Doc. 56-4.

on the day of the accident, beginning at 12:12 AM.[19] The phone records also revealed that Plaintiff and Mr. Jones held at least 573 phone calls following the accident, from October 9 to December 13, 2020, despite Plaintiff's sworn testimony that "[h]e kept in touch to make sure that everything was okay."[20]

On one hand, Plaintiff testified under oath that she did not know Mr. Jones before the accident; on the other, her phone records show they averaged ten phone calls per day prior to the accident. Thus, Defendants have provided evidence that calls into question the credibility of Plaintiff's deposition testimony, and "when the circumstances are conducive to lying, well-supported suspicion of mendacity may serve as a legitimate basis for the factfinder's reasonable inferences concerning the ultimate facts at issue." *Deville v. Marcantel*, 567 F.3d 156, 165 (5th Cir. 2009). Accordingly, partial summary judgment on the issue of liability is no appropriate.

## IV. **CONCLUSION**

For the above stated reasons, Plaintiff's Motion for Partial Summary Judgment (Doc. 28) will be denied.

**THUS DONE AND SIGNED** in Chambers on this 12th day of September 2023.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[19] *Id.*
[20] *Id.*; doc. 56-2, p. 13.