UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**KANEADRA WEBB**               **CASE NO. 2:21-CV-04341**

**VERSUS**                       **JUDGE JAMES D. CAIN, JR.**

**A T S OPERATIONS L L C ET AL** **MAGISTRATE JUDGE KAY**

## MEMORANDUM RULING

Before the court is a Motion for Partial Summary Judgment [doc. 31] filed by plaintiff and seeking a judgment that the motor vehicle accident giving rise to this suit is the sole cause of her injuries. Defendant opposes the motion. Doc. 66.

### I.
### BACKGROUND

This suit arises from an alleged motor vehicle accident that occurred on or about October 8, 2020, while plaintiff was evacuating for Hurricane Delta. Plaintiff claims that she was operating her vehicle on I-10 West in Calcasieu Parish, Louisiana, when she was rear-ended by an 18-wheeler driven by Juan Daniel Orta, in the course and scope of his employment with ATS Operations LLC. She further claimed that Orta fled the scene after the accident. Doc. 2; doc. 23.

Plaintiff filed suit against Orta, ATS Operations, and their insurer in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana. There she claimed that Orta's negligence was the sole cause of the accident and that she had suffered various injuries as a result. Defendants removed the suit to this court on the basis of diversity jurisdiction, 28

U.S.C. § 1332. Doc. 1. Plaintiff then filed a motion for partial summary judgment on liability. Doc. 28. She claimed that the accident was witnessed by a good Samaritan, Kori Jones, who had been a stranger to her at the time and who chased down Orta's truck and obtained photos. In opposition, however, defendants showed that plaintiff had lied about her prior acquaintance with Mr. Jones and her contact with him since the accident. Accordingly, the court denied summary judgment. Doc. 61.

Plaintiff has also filed a motion for partial summary judgment on her injuries, seeking a determination that the accident was the sole cause and leaving only the quantum to be decided at trial. Doc. 31. Defendants oppose the motion, arguing that they cannot be held legally responsible because there has been no determination as to liability. Doc. 66.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v.*

*Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III.
### LAW & APPLICATION

Plaintiff seeks a ruling that the subject accident was the cause in fact of her injuries. The misrepresentations adduced at the prior motion for partial summary judgment leave the court with serious questions as to her credibility and the credibility of her witness. Given these issues, plaintiff cannot even establish for the purposes of summary judgment whether an accident occurred. Accordingly, the court is in no position to determine causation for any injuries.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Partial Summary Judgment [doc. 31] will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 20th day of October, 2023.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE